**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JONELLA TESONE,

    Plaintiff - Appellant,

v.

EMPIRE MARKETING STRATEGIES,

    Defendant - Appellee.

No. 20-1093
(D.C. No. 1:17-CV-02101-MEH-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Jonella Tesone appeals the district court's order granting summary judgment in favor of Empire Marketing Strategies (Empire) on her claim of disability discrimination. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

Ms. Tesone was hired by Empire in 2012 as a Produce Retail Sales Merchandiser, which involved changing or resetting retail displays in grocery stores.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In October 2016, she was assigned to complete a reset at an out-of-town location. Because Ms. Tesone believed the reset would require long hours, she extended her stay for an additional night; however, she failed to obtain Empire's required approval for the additional overnight stay.

"Shortly after the trip, [Empire] met with Ms. Tesone to discuss the unapproved October hotel stay and general performance issues." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 985 (10th Cir. 2019) (internal quotation marks omitted). During this meeting, Ms. Tesone stated that a lifting limitation negatively impacted her job performance and Empire requested a doctor's note documenting the limitation. When no note was forthcoming, Empire renewed its request at least four times. Eventually, on February 16, 2017, Ms. Tesone provided a letter from Dr. Brian Manjarres, a doctor with whom she had neither met nor consulted before obtaining the letter. Dr. Manjarres stated "Ms. Tesone 'has certain limitations related to muscle weakness' and 'chronic lower back pain,'" and he "'recommended the following accommodations: 1) No lifting over head 2) Can not [sic] lift spatially in front of her more than 15 pounds.'" *Id.* (brackets omitted).

"Between December 2016 and February 2017, [Empire] spoke with Ms. Tesone multiple times about various workplace issues, including her communication with coworkers." *Id.* at 985-86 (internal quotation marks omitted). "On February 27, 2017, [Empire] terminated Ms. Tesone's employment, citing consistent violations of company policies." *Id.* at 986 (internal quotation marks omitted).

2

In August 2017, Ms. Tesone filed suit against Empire and two of its employees for: (1) disability discrimination under the Americans With Disabilities Act (ADA); (2) interference with contract and prospective business advantage; and (3) intentional infliction of emotional distress. Following dismissal of the interference and intentional infliction claims, Empire moved for summary judgment on the ADA claim. The district court granted the motion on the grounds that "Ms. Tesone presented no expert medical evidence that any of her major life activities have been substantially limited by her alleged disability, and therefore would not be able to present evidence to establish a prima facie case for disability discrimination." *Id.* at 997 (citation, brackets, and internal quotation marks omitted).

On appeal, we held the district court's "ruling was legally erroneous because expert medical evidence is not required to establish a disability in all ADA cases," *id.*, and remanded the case for the court to "perform [a] case-specific analysis to determine whether expert testimony is necessary to establish the particular disability alleged here," *id.* at 999. At the same time, we affirmed the denial of Ms. Tesone's motion to extend the deadline to disclose an expert witness. *Id.* at 989 ("Because Ms. Tesone has not shown that she made diligent efforts to meet the expert disclosure deadline and because she provides no explanation for her belated motion, . . . [t]he . . . court did not abuse its discretion in denying her motion.").

On remand, the district court found that Ms. Tesone's "*only* evidence of her alleged statutory disability is [Dr. Manjarres's] note, which reflects that she has limitations related to muscle weakness and chronic lower back pain." Aplt. App.,

3

Vol. 2 at 415 (ellipsis and internal quotation marks omitted) (emphasis added). For its case-specific analysis, the court "presumed" the note was admissible," *id.*, but found it was insufficient to establish that Ms. Tesone's "alleged lifting limitation caused a substantial limitation of a major life activity," *id.* at 411, and thus granted summary judgment. This appeal followed.

## II

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied. In doing so, we consider the evidence in the light most favorable to the non-moving party." *Tesone*, 942 F.3d at 994 (citation, brackets, and internal quotation marks omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III

"The ADA . . . requires proof that the plaintiff: (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability." *Tesone*, 942 F.3d at 995 (internal quotation marks omitted). "[T]he first element of a prima facie case of discrimination . . . requires the plaintiff to meet the statutory definition of 'disability' in 42 U.S.C. § 12102(1)." *Id.* "When the claim is for discrimination based on an actual disability, the plaintiff must show 'a physical or

4

mental impairment that substantially limits one or more major life activities.'" *Id.* (quoting § 12102(1)(A)); *see also* 29 C.F.R. § 1630.2(j)(1)(ii) ("An impairment is a disability within the meaning of [the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."). While "[e]xpert medical testimony may be used to establish a plaintiff's disability . . . no language in the ADA or implementing regulations states that medical testimony is required." *Tesone*, 942 F.3d at 996 (brackets and internal quotation marks omitted). But this does not mean a plaintiff can defeat summary judgment without coming forward with some evidence (lay or expert) that she has a physical or mental impairment that substantially limits one or more major life activities.

IV

According to Ms. Tesone, the district court "us[ed] outmoded and overly-restrictive guidance" in its analysis of the evidence to determine whether she had a physical impairment that substantially limited one or more major life activities (the first element of prima facie case for disability discrimination). Aplt. Opening Br. at 2. But we need not reach this issue because the only evidence put forward by Ms. Tesone was from Dr. Manjarres, who was not timely disclosed as an expert witness.[1] *See Tesone*, 294 F.3d at 989.

---

[1] Because the parties had a fair opportunity to address whether summary judgment was proper on the grounds that Dr. Manjarres was not timely disclosed as an expert witness, we may affirm on this alternate ground. *See Alfaro-Huitron v. Cervantes Agribusiness*, 982 F.3d 1242, 1249 (10th Cir. 2020).

Ms. Tesone argues that Dr. Manjarres's letter is not an expert opinion subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2); rather, she maintains it can be considered as a lay opinion based on his personal knowledge and observations as her treating physician. A witness who is not testifying as an expert may offer testimony in the form of an opinion, but only where the opinion is "rationally based on the witness's perception[,] . . . helpful to clearly understanding the witness's testimony[,] . . . and . . . *not based on scientific, technical, or other specialized knowledge*." Fed. R. Evid. 701 (emphasis added). Plainly, Dr. Manjarres's letter is based on his scientific, technical, or other specialized knowledge as a physician, and therefore Ms. Tesone's argument lacks merit.

Without Dr. Manjarres's letter, Ms. Tesone had no evidence from which she could arguably establish the first element of a prima facie case. Therefore, the district court properly granted summary judgment.

V

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

6